IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCO MONTEZ,

      Petitioner,

    v.

JEFF PREMO,
Superintendent, Oregon State Penitentiary,

      Respondent.
_____

Civ. No. 3:14-cv-01551-MC

ORDER

MCSHANE, Judge:

Petitioner Marco Montez was convicted in state court of aggravated murder and subsequently sentenced to death. Pursuant to 28 U.S.C. § 2254, he now brings his First Amended Petition for Writ of Habeas Corpus, raising 40 claims of constitutional deficiency underlying the proceedings in state court. In a scheduling order of November 3, 2015, this Court requested briefing on exhaustion, procedural default, and any exceptions to procedural default. ECF #22. As set forth below, the Court finds that specific claims meet the exhaustion requirement and are appropriately before this court. The remaining claims are subject to procedural default.

<u>**HISTORY OF PROCEEDINGS**</u>

A jury found Petitioner guilty of aggravated murder on May 27, 1988.[1] *See* ECF #6-31, 166-67. Following the sentencing phase of the proceedings, the jury determined petitioner should be sentenced to death. *See* ECF #6-34, 191-92.

All sentences of death are subject to automatic direct review by the Oregon Supreme Court. ORS § 163.150(1)(f). Following review of the Petitioner's claims, the Oregon Supreme Court affirmed his convictions, but vacated the sentence of death and remanded for resentencing. *See State v. Montez*, 309 Or. 564 (1990) (*Montez I*).

Petitioner's second penalty-phase trial concluded on September 18, 1992. The jury returned a unanimous verdict, again sentencing petitioner to death.. ECF #6-43, 174. On direct review the Oregon Supreme Court affirmed the sentence. *State v. Montez*, 324 Or. 343 (1995). Petitioner's request for certiorari was denied by the United States Supreme Court on May 19, 1997. *Montez v. Oregon*, 520 U.S. 1233 (1997).

Petitioner then filed for post-conviction relief (PCR) in a collateral state proceeding. This phase of the litigation eventually proceeded to trial on his Ninth Amended Petition for PCR. The PCR court denied relief on September 27, 2005. ECF #12-24, 30-55. Petitioner was represented by attorney Marc Sussman in the PCR trial. *Id.*

Petitioner appealed the decision of the PCR court to the Oregon Court of Appeals on October 27, 2005. ECF #12-83, 103. As explained *infra*, petitioner attempted to file several opening briefs to the Court of Appeals in excess of that court's page-length rules. *See Pet.*, ECF #27, 63-69. The Oregon Court of Appeals eventually issued an opinion denying petitioner relief

---

[1] The jury also found Petitioner guilty of abuse of a corpse and arson.

on September 22, 2010. *Montez v. Czerniak*, 237 Or. App. 276 (2010). Sussman served as PCR appellate counsel in the proceeding.

Petitioner appealed to the Oregon Supreme Court, which initially denied review. Upon reconsideration, the court denied petitioner relief on March 20, 2014. *Montez v. Czerniak*, 355 Or. 1 (2014). Upon a subsequent request for reconsideration, the court issued a minor modification, but generally adhered to its prior disposition. *Montez v. Czerniak*, 355 Or. 598 (2014). Sussman represented petitioner through the Supreme Court's decision to grant review.

Petitioner filed a Notice of Intent to File Capital Habeas Petition before this Court on September 30, 2014. ECF #1. On August 19, 2015, petitioner filed his Petition for Writ of Habeas Corpus. ECF #15. Petitioner filed his First Amended Petition for Writ of Habeas Corpus on July 27, 2016. ECF #27.

## SUMMARY OF CLAIMS AT ISSUE

In his brief on exhaustion and procedural default, respondent identified the following claims as procedurally defaulted and thus not subject to federal habeas review:

*Claim 2*: Due Process Clause violation based on improper statements made in prosecution's closing argument;

*Claim 4*: ineffective assistance of counsel for failing to present evidence that petitioner's co-defendant received a sentence of life imprisonment;

*Claim 6*: ineffective assistance of counsel for failing to present evidence of petitioner's past suicide attempts;

*Claim 7*: ineffective assistance of counsel for failing to present evidence of impact of death sentence on petitioner's daughter;

*Claim 13*: ineffective assistance of counsel for failing to present evidence that petitioner expressed remorse to a corrections officer following his incarceration;

*Claim 14*: ineffective assistance of counsel for failing to argue in closing remarks that petitioner had expressed remorse;

*Claim 15*: ineffective assistance of counsel for failing to request that the jury be apprised of petitioner's prior consecutive sentences for lesser crimes;

*Claim 17*: ineffective assistance of counsel for failing to appeal the trial court's refusal to appoint a mitigation expert;

*Claim 20*: ineffective assistance of counsel for failing to make a decision regarding whether to call death row inmates as witnesses until after *voir dire*;

*Claim 26*: ineffective assistance of counsel for failing to ensure comments by the trial court regarding an "automatic life sentence" in the event the death sentence was reversed were reduced to writing in the final judgment;

*Claim 27*: ineffective assistance of counsel for failing to object to the second penalty-phase trial on Fifth Amendment double jeopardy grounds;

*Claim 28*: double jeopardy violation under the Fifth Amendment;

*Claim 31*: ineffective assistance of counsel for failing to object to testimony regarding petitioner's prior comments as reported by a witness;

*Claim 32*: ineffective assistance of appellate counsel for failing to challenge court's admission of petitioner's prior comments as reported by a witness;

*Claim 40*: cumulative constitutional error requiring that sentence of death be vacated. These claims are the subject of the discussion below.

With respect to *Claims 38* and *39*, Respondent indicates that he has waived any defense of procedural default as to the issue of "cruel and unusual punishment contrary to the evolving standards of decency" under the Eighth and Fourteenth Amendments. *Pet.*, ECF #27, 405-56[2]; *Resp.'s Br.*, ECF #31, at 32-33. As such, the parties will address the merits of these claims in subsequent briefing.

The parties agree that the following claims are exhausted: *Claims 1*, *3*, *5*, *8*, *9*, *10*, *11*, *12*, *16*, *18*, *19*, *21*, *22*, *23*, *24*, *25*, *29*, and *30*. *Id.*, 10-11. The parties will address the merits of these claims in subsequent briefing.

The parties further agree that the following claims are not yet ripe for litigation because no death warrant has been issued: *Claim 33*, *34*, *35*, *36*, and *37*. *Id.*; *Resp.'s Resp. Br.*, ECF #31, 29-32; *Pet.'s Resp.*, ECF #38, 5-6. Petitioner continues to assert the claims in order to preserve them in the event that a death warrant is issued. *Pet.'s Resp.*, ECF #38, 6.

## **LEGAL STANDARDS**

As a threshold matter, in order to seek a writ of habeas corpus in federal court, a state prisoner must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is established when a petitioner "fairly presents" the legal basis of each of his federal claims to each presiding state court, referencing both the specific federal constitutional guarantee at issue and the facts that support the petitioner's request for relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Generally, when a petitioner fails to exhaust state remedies, "and the court to which the petition would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claim is

---

[2] Page numbers cited throughout this Order refer to ECF pagination, rather than the internal pagination of the parties' briefs.

considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted).

A petitioner may still be eligible for federal habeas relief despite the fact that his claim has been procedurally defaulted if the petitioner "can demonstrate *cause* for the default and *actual prejudice* as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750 (emphasis added). "Cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising [a] claim." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (internal brackets omitted)). Although *Coleman* held a post-conviction attorney's negligence[3] did not constitute cause, the United States Supreme Court subsequently carved out a narrow exception in *Martinez v. Ryan*, 566 U.S. 1 (2012). The *Martinez* Court held:

> Where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 414 (2013).

In order to establish causation under *Martinez*, the Ninth Circuit requires: (1) PCR counsel for the prisoner was ineffective under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); (2) trial counsel was ineffective under *Strickland*; and (3) the underlying ineffective assistance of trial counsel claim was substantial, i.e., the claim had "some merit." *Apelt v. Ryan*, 878 F.3d 800, 825-26 (9th Cir. 2017) (quoting *Martinez*, 566 U.S. at 14). Unpacking these standards, a petitioner must first show first that his post-conviction relief

---

[3] *Detrich v. Ryan*, 740 F.3d 1237, 1244 (9th Cir. 2013) ("The premise of *Martinez* is incompetent counsel. Indeed, the premise is two incompetent counsel—trial counsel and state PCR [post conviction relief] counsel.")

counsel was so deficient that, pursuant to *Strickland*, there was a reasonable probability that, absent the deficient performance, the result of the post-conviction relief proceedings would have been different. *Apelt*, 878 F.3d at 825 (citation omitted). Next, the same showing of ineffective assistance of counsel under *Strickland* applied to the underlying trial court. Finally, a petitioner must demonstrate the claim is "substantial" to the extent it meets the standard for issuing a certificate of appealability, to wit, "a petitioner must show that reasonable jurists could debate whether the issue should have been resolved in a different manner or that the claim was adequate to deserve encouragement" to proceed. *Id.* at 828 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

## REQUEST FOR HEARING

Petitioner requests an evidentiary hearing in order to present evidence that would "further demonstrate that any procedural default should be excused[.]" *Pet.*, ECF #27, 429; *Pet.'s Resp.*, ECF #38, 1-2. Specifically, he asks the Court to allow petitioner's PCR attorney, Marc Sussman, to explain why he did not allege certain claims[4] regarding ineffective assistance by petitioner's trial counsel during the 1992 penalty phase of petitioner's murder trial.[5]

Petitioner has filed an 36-page affidavit by Mr. Sussman in which Sussman explains, claim by claim, that he was aware of the claim's potential import, that there was no strategic reason not to raise the claim, and that the failure to do so was inexcusable. He therefore concludes that his performance constituted prejudicial ineffective assistance of counsel. *See, e.g.*, *Sussman Aff.*, ECF #27-3, 7-8. Mr. Sussman further explains that he also failed to preserve several claims due to page-length limitations imposed by the Oregon Court of Appeals; a failure

---

[4] Specifically, *Claims 2*, *3*, *4*, *6*, *13*, *14*, *15*, *17*, *20*, *28*, *31*, *32*, *39*, and *40*.

[5] Petitioner filed for PCR in 1997. *See Marco Montez v. Joan Palmanteer*, Marion County Circuit Court Case No. 97C-12376. ECF #27, 29-30. Following a bench trial, the Marion County court entered a general judgment denying relief on September 27, 2005. *Id.*

which he now concludes constituted ineffective assistance of counsel on his part. *See, e.g.*, *id.*, 13.

Considering the length, depth, and comprehensive nature of Mr. Sussman's affidavit, an evidentiary hearing regarding Mr. Sussman's assertions would not be useful. Petitioner does not identify any compelling reason why the written record and attached exhibits are not adequate to set forth his contentions. Because he has not demonstrated that such a hearing is necessary, petitioner's request is denied, at least at this juncture. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998) (evidentiary hearing not required on issues that can be resolved by reference to state court record); *Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir. 2004) (oral testimony and cross-examination unnecessary in light of documentary evidence fully presenting the relevant facts).

Additionally, petitioner seeks the opportunity to present new evidence regarding *Claim 3* which was not part of the record when the claim was exhausted. *See* Resp.'s Br., ECF #31, at 13. The Court withholds any decision on that issue at this time, but may revisit it moving forward.

## DISCUSSION

## I.    Claim Two

During petitioner's 1988 murder trial, petitioner exercised his Fifth Amendment right not to testify. During the state's closing argument, the prosecutor argued that petitioner's failure to testify supported an inference of guilt. Petitioner's trial counsel did not object.[6]

### A.  Due Process Violation as to 1988 Trial Court's Failure to Strike Prosecutor's Closing Argument Comment

---

[6] The Court notes that although petitioner alleged in his state PCR proceeding that counsel rendered ineffective assistance by failing to object to the prosecutor's closing statements, the PCR court denied this claim on the merits and petitioner did not later challenge the denial in his brief accepted by the Oregon Court of Appeals or in subsequent appeals. *See Pet.*, ECF #27, 95-98.

On direct review before the Oregon Supreme Court, petitioner's appellate counsel argued that the 1988 trial court erred by not striking *sua sponte* the prosecutor's comment, giving a curative instruction, or declaring a mistrial. *Montez I*, 309 Or. at 601-02. Noting that 1988 trial counsel did not object at the time, the Oregon Supreme Court found that the error had not been preserved, and indicated it declined to consider the assignment of error as "plain error" under the Oregon Rules of Appellate Procedure (ORAP) 5.45(2). *Id.* (citing *State v. Evans*, 290 Or. 707, 713-15 (1981)). Accordingly, petitioner argues that "in exercising its authority to decline to consider the issue, the Court necessarily had the asserted error before it." *Pet.'s Resp.*, ECF #38, 36.

Respondent argues that the due process argument in Claim 2 is procedurally defaulted because petitioner did not "fairly present" it in a way that the Oregon Supreme Court was likely to reach its merits. *Resp.'s Reply*, ECF #42, 6-7 (citing *Castille v. Peeples*, 489 U.S. 346, 351 (1989)). *Castille* established that when a claim is presented "in a procedural context in which its merits will not be considered," it is not fairly presented. *Castille*, 489 U.S. at 351. Because 1988 trial counsel did not object to the prosecutor's comment during closing argument, the Oregon Supreme Court determined that any trial court error was unpreserved. *Montez I*, 309 Or. at 601. Accordingly, the claim of error was not exhausted before the Supreme Court. *Castille*, 489 U.S. at 351. Further, the *Montez I* court cited ORAP 5.45, which provides:

(1)     No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided the appellate court may, in its discretion, consider a plain error.

(2)     Each assignment of error must be separately stated under a numbered heading. The arrangement and form of assignments or error, together with reference to pages of the record, should conform to the illustrations in Appendix 5.45.

The Oregon Supreme Court in *Montez I* indicated that petitioner "asks this court to consider this assignment of error as an error apparent on the face of the record . . . [w]e decline to do so." *Montez I*, 309 Or. at 601-02. Because the court's decision not to find plain error was discretionary, the court was not compelled to consider the issue on the merits and, based on the text of *Montez I*, the court did not consider the issue on the merits. Accordingly, the claim was not exhausted on automatic direct appeal.

### B. "Cause and Prejudice" Regarding the Page-Length Limitation Imposed by Oregon Court of Appeals

Petitioner argues that any procedural default of *Claim 2* should be excused based on "cause and actual prejudice," because a factor external to petitioner's defense impeded PCR appellate counsel's efforts to comply with a procedural rule. *Coleman*, 501 U.S. at 748 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). Specifically, petitioner argues that by setting a page limit on his briefing to the Oregon Court of Appeals, the state impeded his ability to properly raise several of the claims he asserted in the initial PCR trial, so any procedural default should be excused.

By way of background, petitioner first moved the Oregon Court of Appeals for permission to file a 300-page opening brief in conjunction with his appeal of the PCR trial court's decision. *Pet.*, ECF #27, 64. The court declined, but granted permission to file a 75-page brief. Petitioner moved for the court to reconsider, attaching a proposed 333-page draft brief, complete with a table of contents, which included a heading assigning error to the prosecutor's improper comment during the 1988 trial. *Id.* at 65-66; *see* ECF #12-83, 206-13. The Court of Appeals denied the motion, but offered petitioner the opportunity to file a 100-page brief. In response, petitioner filed a petition with the Oregon Supreme Court for review of the page-length

limitation, which was denied. Thereafter, petitioner filed a 254-page brief with the Oregon Court of Appeals, along with a motion for reconsideration of the 100-page limit. *Id.* at 66. Again, the Court of Appeals denied the motion, and this time offered a 150-page limit. Petitioner filed yet another petition for review, which was also rejected by the Oregon Supreme Court. *Id.* at 67.

Petitioner eventually complied and filed a 150 page brief. Petitioner included a footnote stating that, pursuant to the Court's instructions, he was "forced" to choose amongst several meritorious claims, and therefore omitted nine meritorious claims. *Id.* at 68. The Oregon Court of Appeals eventually denied petitioner's request for relief. *See Montez v. Czerniak*, 237 Or. App. 276 (2010).

Petitioner explains that *Claim 2*, along with *Claims 4*, *26*, *31*, and *32*, were not included in the brief accepted by the Oregon Court of Appeals because of the court's page-length limitation. Petitioner asserts that one passage in the Oregon Court of Appeals' March 21, 2008 Order (rejecting the 254-page brief) carried special significance because it cited an Oregon Supreme Court case which stated, ". . . counsel's responsibilities include exercising professional judgment in choosing from amongst meritorious arguments and possibly excluding some arguably meritorious arguments." ECF #12-83, 226 (citing *Pratt v. Armenackis*, 335 Or. 35 (2002)). Accordingly, argues petitioner, the court's procedural rule deprived him of a full and fair opportunity to litigate *Claim 2*.

The argument is not compelling. The effect of the appellate court's page-length limitation has previously been addressed in the context of federal habeas procedural default. In *Pinnell v. Belleque*, 638 F.Supp.2d 1231 (D. Or. June 2009), the court observed that the "150-page limit imposed by the Oregon Court of Appeals is reasonable and generous." *Id.* at 1258. The *Pinnell* court noted that the court's allowance of 150 pages was three times longer than the statutory

limit, and the further explained that, "[w]hile the page limit may have limited the extent of counsel's arguments, the Court disagrees it limited his ability to present his claims at all." *Id.* Under *Pinnell,* the page-length limitations imposed by the Oregon Court of Appeals do not constitute cause to excuse the procedural default of certain claims. *Id.*

Petitioner argues that *Pinnell* is distinguishable in that Pinnell's counsel "did not submit a proposed 225-page brief for that court," whereas here, petitioner filed several briefs which were well beyond the page-length limit that were rejected. *Pet.'s Sur-Resp.*, ECF #49, 15-16. Petitioner further argues that the Court of Appeals did not suggest that Pinnell's counsel choose among "meritorious arguments and possibly exclude some arguably meritorious arguments." *Id.* (bracket omitted).

Despite the fact that petitioner submitted extensive briefs which were rejected, the reasoning in *Pinnell* is dispositive. There is no compelling evidence that petitioner could not have preserved some of the claims, even if such claims were not expounded upon in an exhaustive manner. It is no secret that compendious legal arguments benefit by virtue of clarity; lawyers are often better served by emulating Hemingway over Tolstoy. Here, while petitioner asserts the necessity of abandoning five meritorious claims in his final brief, he fails to recognize the irony of dedicating more than 50 pages to a summary of arguments and facts, much of which was reiterated elsewhere in the brief. *See* ECF #12-84, 15-69. The Court agrees with respondent's observation that rather than abandoning certain claims before the Oregon Court of Appeals, counsel could have presented the claims more succinctly. And to the extent the appellate court suggested that petitioner's counsel *might consider* excluding some arguably meritorious arguments, it never stated that certain assignments of error or claims *must* be abandoned. *See* ECF #12-83, 226.

### C. Whether Procedural Default is Excused under *Martinez*

Petitioner argues alternatively that the procedural default should be excused under *Martinez* based on PCR appellate counsel's failure to appeal to the Oregon Court of Appeals the PCR trial court's rejection of petitioner's argument on the merits. *Pet.*, ECF #27, 41-42, 97-98. *Martinez* excuses procedural default where counsel is non-existent or ineffective in an initial-review proceeding—here, the state PCR trial. But in this instance, state PCR trial counsel was effective to the extent he properly raised the alleged error. The PCR trial court considered the argument on the merits, but ultimately found that there was no evidence proving that trial counsel was ineffective. *Pet.*, ECF #27, 96-97. Petitioner's further contention that PCR appellate counsel was ineffective in failing to challenge the state PCR trial court's findings is simply inapposite: *Martinez* does not apply to PCR appellate counsel. *Pet.*, ECF #27, 9-10; *see Martinez*, 566 U.S. at 16 (explaining holding applies only to initial-review PCR proceedings, and not appeals from such proceedings); *Davila*, 137 S. Ct. at 2066-67 (same).

## II. Claim 4: Ineffective Assistance of Counsel Regarding Mitigating Evidence that Petitioner's Co-Defendant Received a Life Sentence and Page-Length Limitation Imposed by Oregon Court of Appeals

Petitioner contends that during the 1992 penalty phase trial, petitioner's counsel failed to introduce mitigating evidence; specifically that petitioner's co-defendant received a life sentence despite being convicted of identical crimes. Petitioner argues that this omission constituted prejudicial ineffective assistance of trial counsel. Petitioner further argues that although the PCR court rejected the ineffective assistance of counsel claim on its merits, PCR appellate counsel did not raise the issue in the brief that was ultimately accepted by the Oregon Court of Appeals. *Pet.*, ECF #27, 206-07. Petitioner maintains that for the reasons described in the discussion of *Claim 2*

above, any procedural default should be excused due to the court's imposition of a 150-page limit for briefing. *Supra.* For the reasons described in *Claim 2*, petitioner's argument fails. Similarly, the Court rejects petitioner's alternative assertion that *Martinez* excuses any procedural default due to the ineffective assistance of PCR appellate counsel in failing to raise the claim on appeal. *See Claim 2*, *supra*; *Pinnell*, 638 F.Supp.2d at 1258; *Martinez* 566 U.S. at 16.

## III. Claim 6: Ineffective Assistance of Counsel Regarding Mitigating Evidence that Petitioner Attempted Suicide as a Youth.

Petitioner argues that his 1992 penalty-phase counsel[7] was constitutionally ineffective when counsel failed to present mitigating evidence of petitioner's suicide attempts as a child. Petitioner argues that had the evidence been presented, at least one juror might have decided to grant him mercy and vote against death. Petitioner further asserts that PCR trial counsel Sussman subsequently rendered ineffective assistance by failing to raise the issue in the state PCR proceedings.

Having failed to exhaust this claim in the state courts, petitioner asserts that the *Martinez* exception applies because: (1) PCR counsel was ineffective under the standard set forth in *Strickland*; (2) trial counsel was ineffective under *Strickland* in the 1992 penalty phase; and (3) the underlying ineffective assistance of 1992 penalty-phase trial counsel claim is a substantial one, that is, the claim "has some merit;" such that petitioner was prejudiced. *Apelt*, 787 F.3d at 825-26 (9th Cir. 2017) (citing *Martinez*, 566 U.S. at 14). The Supreme Court in *Martinez* explained that the third prong equated to a showing sufficient to secure an issuance of a certificate of appealability. *Martinez*, 566 U.S. at 14 (citing *Miller-El*, 537 U.S. at 322). Under

---

[7] Petitioner was represented by Lynne Dickinson and Corinne Lai at the 1992 penalty-phase trial, but for clarity of discussion, the Court refers to "1992 penalty-phase counsel," singular.

that standard, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich*, 740 F.3d at 1245 (citing *Miller-El*, 537 U.S. at 336).

In support of his assertion that the first prong has been met, petitioner cites the affidavit of PCR counsel Sussman, in which he declared that his failure to raise *Claim 6* at the PCR trial was neither tactical nor strategic, but rather the result of deficient performance. *See Sussman Aff.* Respondent counters that because "counsel's post-hoc declaration of his *subjective* intent is of little value," the Court must decide whether Mr. Sussman's performance as PCR counsel was *objectively* defective. *Resp.'s Reply*, ECF #42, 10-11 (quoting *Sands v. Lewis*, 511 Fed. App'x 608, 610 (9th Cir. 2013) (emphasis in original)). Despite the passage cited in *Sands*, however, more recent Ninth Circuit precedent appears dispositive of the issue of deficient performance. In *Hernandez v. Chappell*, 878 F.3d 843 (9th Cir. 2017), the court held that, "[w]here counsel has provided the reason for his conduct, and we have no reason to doubt the validity of the explanation, the relevant inquiry is whether the stated reason was objectively reasonable." *Id.* at 850. Further, explained the court, "we credit the statements of defense counsel as to whether their decisions at trial were—or were not—based on strategic judgments." *Id.* at 850-51 (quoting *Doe v. Ayers*, 782 F.3d 425, 445 (9th Cir. 2015)).

Because I have no credible basis for doubting the truth of his statements, the Court accepts Mr. Sussman's assertion that his failure to raise *Claim 6* in PCR proceedings was neither tactical nor strategic and fell below an objective standard of reasonableness. *Sussman Aff.*, ECF #27-3, at 19; *see id.* at 851; *Strickland*, 466 U.S. at 688. However, before the Court can find PCR counsel's performance constituted ineffective assistance of counsel, a condition precedent must

be established: that is, the Court must find that trial counsel's performance constituted ineffective assistance of counsel. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012).

In contrast to the analysis of PCR counsel, however, there is no first-hand testimonial evidence that trial counsel's failure to present mitigating evidence of petitioner's suicide attempts was not tactical or strategic, and therefore, no such evidence to rebut the presumption that adequate assistance was rendered. *See Strickland*, 466 U.S. at 688. Moreover, extensive mitigation evidence *was* presented at the 1992 penalty-phase trial, including evidence of abuse and neglect by petitioner's biological and foster parents, that he protected his younger brother, and expert testimony from a psychologist who explained that petitioner's troubled childhood may have factored into his criminal violence as an adult. *See Resp.'s Reply*, ECF #42, 11-12. These considerations, however, are not readily distinguishable from a discussion of the merits of the claim; it remains unclear whether trial counsel's omission was not a strategic decision to forego one aspect of his defense in favor of another,. *See Hernandez*, 878 F.3d at 851 (citing *United State v. Span*, 75 F.3d 1383 (9th Cir. 1996)). Nevertheless, petitioner has provided a substantive argument—at least arguably supported by Ninth Circuit precedent—that trial counsel's failure to raise the issue of petitioner's past suicide attempts was deficient under *Strickland. See Pet.*, ECF #27, 214-18.

The question of whether trial counsel was deficient under *Strickland* for failing to apprise the jury of past suicide attempts is largely intertwined with the third prong of the inquiry: whether trial counsel's performance establishes prejudice.[8] Additionally, there is no obvious line separating the issues of ineffective assistance of counsel and whether *Claim 6* is substantial under *Martinez* to the extent it has "some merit" from a discussion of the merits, at least at this

---

[8] In order to demonstrate prejudice, petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Hernandez*, 878 F.3d at 852 (quoting *Strickland*, 466 U.S. at 694).

stage. Therefore, the Court withholds any opinion on procedural default on *Claim 6* for now, and will allow petitioner to present its argument on the merits, in conjunction with further argument on the issue of procedural default, if necessary.

## IV. Claim 7: Ineffective Assistance of Counsel Regarding Mitigating Evidence of Impact of Death Sentence on Petitioner's Daughter

Petitioner argues that he was subjected to ineffective assistance of counsel during the 1992 penalty-phase trial because his attorneys did not present mitigating evidence of the impact of potential death sentence on petitioner's daughter. Although she testified before the PCR trial court, the PCR court determined that penalty-phase counsel was not ineffective in failing to have her testify at the 1992 penalty-phase proceeding. *See Pet.*, ECF #27, 218-222. Thereafter, petitioner raised the issue in his brief to the Oregon Court of Appeals, which also rejected the claim of ineffectiveness. *See Montez v. Czerniak*, 237 Or. App. 276 (2010). Although petitioner did not specifically raise the claim in his Amended Petition for Review to the Oregon Supreme Court, petitioner explicitly incorporated his Oregon Court of Appeals brief in the Amended Petition. Nevertheless, respondent maintains that the claim is procedurally defaulted because petitioner did not "fairly present" the claim in a way that the Oregon Supreme Court was likely to reach it. *Resp.'s Reply*, ECF #42, 6-7 (citing *Castille v. Peeples*, 489 U.S. 346, 351 (1989)).

As previously noted, the Supreme Court of the United States, in *Castille*, explained that a claim presented "in a procedural context in which its merits will not be considered" is not fairly presented to the state court, and therefore not exhausted. *Castille*, 489 U.S. at 351. Here, respondent concedes that petitioner's incorporation of his brief to the Court of Appeals "may have sufficiently raised the issue for purposes of the petition for review," but the claim was nonetheless not fairly presented because it was not included in the merits brief petitioner filed at

the Oregon Supreme Court. *Resp.'s Reply*, ECF #42, 7. Respondent asserts that "[i]f a brief on the merits is filed in the Supreme Court, it *must* include the party's argument." *Id.* (citing ORAP 9.17) (emphasis in original). Respondent's position does not withstand scrutiny. The ORAP provides, in part:

> The parties' briefs in the Court of Appeals will be considered as the main briefs in the Supreme Court, supplemented by the petition for review and any response, brief on the merits on review, or additional memoranda that may be filed.

ORAP 9.20(4). Additionally:

> If the Supreme Court allows a petition for review, the court may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion need not address each question . . . .

ORAP 9.20(2). There is no question that petitioner raised *Claim 7* in his brief to the Oregon Court of Appeals: it was discussed in the summary of facts and in a subsection of the discussion of the first assignment of error. *See* ECF #12-84, 44-45, 65-67, 91-93. Further, the issue was readily discernable in the brief's table of contents. *See* ECF #12-84, 5-6. Under ORAP 9.20(4), the brief constituted the "main" brief to the Oregon Supreme Court, as supplemented by petitioner's petition to the Supreme Court.

Petitioner's petition to the Supreme Court also included a stand-alone section entitled "Incorporation of Briefs," which included the following passage: "Montez relies on and incorporates these briefs [before the Court of Appeals] and arguments supporting each Assignment of Error in petitioning for review." ECF #12-88, 180-81. Elsewhere in the petition, petitioner indicated that, "[d]ue to the extensive factual and legal analysis involved, Montez relies on his opening and reply briefs below and asks this Court to refer to his analysis of each group of issues." ECF #12-88, 186.

The Court is persuaded by the Supreme Court's explanation regarding incorporation of Court of Appeals briefs in *Farmer v. Baldwin*, 346 Or. 67 (2009):

> It is generally true that our rules discourage undue repetition in briefing a party's arguments. Incorporating arguments by means of a reference to briefs filed at an earlier stage of proceedings can foster that goal . . . . [a]t minimum, the rules contemplate that a petitioner may raise arguments by incorporating those arguments from his or her appellate brief into the petition for review.

*Id.* at 73-74. Indeed, *Farmer* allowed the petitioner to present a question to the Supreme Court despite a more tenuous connection than that at issue here: a mere *attachment* to a brief filed in the Court of Appeals was fair presentation to the extent the petitioner incorporated it. *Id.* at 81.

For these reasons, the Court concludes that petitioner fairly presented *Claim 7* to the Oregon Supreme Court, and therefore the claim was properly exhausted.

## V.      Claim 13: Ineffective Assistance of Counsel for Failing to Introduce Mitigating Evidence of Petitioner's Expression of Remorse

Petitioner, in *Claim 13*, argues that 1992 penalty-phase trial counsel provided ineffective assistance by failing to produce evidence that petitioner expressed remorse for the murder of Candice Straub in a 1988 conversation with correctional officer Terry Hollingsworth while petitioner was jailed in Bannock County, Idaho. Petitioner explains that Hollingsworth relayed the contents of the conversation to an investigator for the defense, who subsequently apprised 1992 penalty-phase counsel. Petitioner asserts evidence of remorse was critical to the outcome of the penalty-phase trial because the prosecution "made much of petitioner's perceived lack of remorse" in arguing that the death penalty was appropriate. *Pet.'s Resp.*, ECF #38, 19. Petitioner further argues that the expression of remorse "would have provided an independent reason" for at least one juror to vote for a life sentence, because remorse is a strong mitigating factor. *Id.* at 19-20 (citing *Elmore v. Sinclair*, 799 F.3d 1238, 1244 (9th Cir. 2015)). Petitioner includes a list

of relevant cases and secondary authorities in support of his contention that a demonstration of remorse is an effective mitigating factor, but petitioner did not raise the claim at the PCR trial. *See id.* at 20. Accordingly, petitioner argues that PCR counsel's ineffective assistance in failing to assert the claim of ineffective assistance of trial counsel should excuse the procedural default, under *Martinez*.

As noted in the discussion of *Claim 6*, petitioner must demonstrate three elements to excuse default under *Martinez*: (1) ineffective assistance of PCR counsel, (2) underlying ineffective assistance of trial counsel, and resultant (3) prejudice because the claim had some merit. *Apelt*, 787 F.3d at 825-26. As the Court established in *Claim 6* above, Mr. Sussman's affidavit, absent compelling evidence to the contrary, is sufficient to establish that his failure to seek testimony from Hollingsworth before his death, despite nine years of representation, satisfies the first prong, contingent on the Court's finding that 1992 penalty-phase trial counsel was also deficient. *See Sussman Aff.*, ECF #27-3, 5-8; *Apelt*, 787 F.3d at 825-26.

Respondent argues that petitioner cannot establish that penalty-phase counsel were deficient under *Strickland* because two witnesses for the state testified that petitioner "expressed sorrow or guilt" about the murder he committed. *Resp.'s Reply*, ECF #42, 13-14. Therefore, posits respondent, had Hollingsworth's testimony regarding petitioner's remorse been presented, it would have been cumulative, and therefore not reasonably likely change the outcome of the penalty-phase trial. *Id.* at 14 (citing *Nields v. Bradshaw*, 482 F.3d 442, 459-60 (6th Cir. 2007)). Respondent further argues that trial counsel mentioned in opening statements that petitioner also expressed remorse to another individual.[9] *Id.* In *Nields*, however, a witness called by the petitioner presented evidence of remorse, whereas here, the testimony was provided by the prosecution. *See Nields*, 482 F.3d at 459. Further, the Sixth Circuit Court of Appeals determined

---

[9] It does not appear that this expression of remorse was ever entered in evidence.

that the evidence Nields' counsel failed to introduce "did not necessarily indicate remorse for the killing, as opposed to fear of its consequences." *Id.* at 460 (citation omitted). Here, in contrast, it appears that petitioner's counsel did not present any evidence of remorse whatsoever, and that the evidence from Mr. Hollingsworth was arguably stronger than that at issue in *Nields*.

As was the case with *Claim 6*, however, the inquiry into whether trial counsel was deficient under *Strickland* and whether the claim of deficient performance is substantial, is difficult to distinguish from a discussion of the merits of *Claim 13*. Accordingly, the Court withholds any opinion on procedural default on the claim for now, and will allow petitioner to present its argument on the merits, in conjunction with further argument on the issue of procedural default.

## VI.   Claim 14: Ineffective Assistance of Counsel for Failing to Mention Petitioner's Expression of Remorse During Closing Argument

*Claim 14* piggybacks *Claim 13*. Because the Court withholds an opinion on procedural default regarding the latter, the Court also withholds an opinion on the former. For now, petitioner may present its argument on the merits of *Claim 14* in conjunction with any further argument on procedural default of the claim. *See supra*.

## VII.   Claim 15: Ineffective Assistance of Counsel for Failing to Introduce Evidence and to Request the Jury Be Instructed that Petitioner Received Consecutive Sentences on Other Relevant Convictions

Petitioner contends that during the 1992 penalty-phase proceeding, petitioner's counsel failed to introduce evidence or request a jury instruction that petitioner previously received consecutive sentences on his convictions for arson and abuse of a corpse, each of which carried 12.5-year minimums. The omission, argues petitioner, constituted prejudicial ineffective

assistance of trial counsel. Respondent contends that *Claim 15* was not exhausted because although petitioner raised it in his brief before the Oregon Court of Appeals, it was not fairly presented to the Oregon Supreme Court. However, for the same reasons set forth in the discussion of *Claim 7*, *supra*, the Court finds that petitioner fairly presented the claim to the extent he incorporated his Court of Appeals briefs into his petition for review before Supreme Court. *Supra*; *see* ORAP 9.20(4); *Farmer*, 346 Or. at 73-74. As was the case with *Claim 7*, *Claim 15* was explicitly articulated in the brief before the Court of Appeals under the third assignment of error. *See* ECF #12-84, 7, 146-51. The third assignment of error was also invoked in the petition before the Supreme Court, although the issue of consecutive sentences for petitioner's other crimes was not specifically articulated. *See* ECF #12-88, 178. However, considering that the petition only supplemented the Court of Appeals briefs on the issue, the Court concludes that petitioner fairly presented *Claim 15* to the Supreme Court, so it was properly exhausted. ORAP 9.20(2), (4).

## VIII. Claim 17: Ineffective Assistance of Direct Appellate Counsel for Failing to Raise 1992 Trial Court's Refusal to Appoint a Mitigation Expert

Petitioner's *Claim 17* builds on *Claim 16*, which asserts that 1992 penalty-phase counsel provided ineffective assistance by failing to secure a mitigation expert to testify at trial. Here, petitioner claims that PCR appellate counsel's performance was legally deficient because he failed to raise a claim that appellate counsel on direct review was ineffective in failing to appeal from the penalty-phase court's denial of the request for a mitigation expert. *See, e.g.*, *Ake v. Oklahoma*, 470 U.S. 68, 74, 76-77 (1985).

Subsequent to the filing of the petition, the Supreme Court affirmed that *Martinez* does not excuse the procedural default of a claim for ineffective assistance of direct appellate counsel.

*Davila*, 137 S. Ct. at 2062-63. Petitioner acknowledges that *Davila* precludes excusing the procedural default of *Claim 17*. *Pet.'s Resp.*, ECF #38, 37.

IX.     **Claim 20: Ineffective Assistance of 1992 Penalty-Phase Counsel in Failing to *Voir Dire* Jury Regarding Possibility of Hearing the Testimony of Death Row Inmates**

Petitioner's *Claim 20* asserts that penalty-phase counsel provided ineffective assistance because (1) counsel did not make the decision to call death row prisoners until the trial was underway; therefore (2) trial counsel did not conduct *voir dire* of the jury "to determine whether any of the jurors had qualms about hearing testimony from prisoners convicted of heinous crimes." *Pet.*, ECF #27, 303-05; *see also Pet.'s Resp.*, ECF #38, 24-25. Petitioner further argues that PCR counsel provided ineffective assistance in failing to assert the underlying claim, which would excuse any procedural default under *Martinez*.

Respondent, citing the Oregon Supreme Court's discussion of a similar claim previously brought by petitioner, maintains that the inmates who testified at trial provided a favorable view of petitioner, and that defense counsel's "use and treatment of the inmates hand-picked by petitioner to provide evidence of his improved and positive character was not so foolish as to constitute an unsound trial strategy." *Resp.'s Reply*, ECF #42, 17 (quoting *Montez v. Czerniak*, 355 Or. 1, 29 (2014) (internal quotation marks omitted)).

PCR counsel Sussman asserts that his failure to bring this claim before the state courts was deficient under *Strickland*. In contrast to *Claims 6*, *13*, and *14*, however, the Court is not persuaded that the threshold has been met for a substantial claim. Petitioner has not shown that 1992 penalty-phase trial counsel's decision to call inmates to speak to petitioner's improved character post-conviction arguably constituted ineffective assistance under *Strickland*. Specifically, petitioner cannot demonstrate that penalty-phase counsel's decision to call inmates

to testify to petitioner's improved character was not reasonable or strategic. Here, although trial counsel later indicated the decision to call inmates to testify was made "on the spur of the moment," it was nevertheless a strategic decision. Counsel determined that the overall aims and interests of petitioner's case necessitated the presentation of mitigating evidence of petitioner's improved character. *See Pet.*, ECF #27, 303-04.

Further, even if the Court were to assume that the decision to call the inmate witnesses "on the spur of the moment" was objectively unreasonable, petitioner cannot demonstrate prejudice under *Strickland*. In considering petitioner's crimes of aggravated murder, abuse of a corpse, and arson, the jury was impaneled with the knowledge that jurors would necessarily have to consider heinous crimes objectively. Indeed, at the time of the penalty-phase trial, petitioner had already been convicted for his exceedingly violent crime of aggravated murder, and the jury was charged with determining his sentence by considering the nature of the murder in explicit detail. As such, petitioner cannot demonstrate that trial counsel's failure to *voir dire* the jurors before they were impaneled based on the severity of the witnesses' crimes was objectively deficient under *Strickland*. *See Keith v. Mitchell*, 455 F.3d 662, 676-77 (6th Cir. 2006) ("Given the extremely brutal and callous circumstances of these multiple murders, the district court did not err in finding that there was not a 'reasonable probability' of a difference in outcome based simply on the possible seating of one or more" alternative jurors). Accordingly, because the Court concludes that the underlying ineffective assistance of counsel claim is not a "substantial" one, *Martinez* cannot excuse the procedural default of *Claim 20*.

**X.      Claim 26: Ineffective Assistance of 1988 Trial Counsel in Failing to Ensure that the Trial Judge's In-Court Statement was Reduced to Writing in the Final Judgement and Page-Length Limitation Imposed by Oregon Court of Appeals**

In *Claim 26*, petitioner asserts that an in-court remark by the trial judge was not included in petitioner's judgment due to the ineffective assistance of 1988 trial counsel. *Pet.*, ECF #27, 326-27. Specifically, the judge stated, "[i]f the matter [of the death penalty sentence] is set aside by any appellate court, there will be an automatic life sentence[.]" The PCR court considered the claim on the merits and denied relief. *See* ECF #12-24, 49. Petitioner alleges that this claim, like others, was not raised before the Oregon Court of Appeals by PCR appellate counsel because that court's limitation regarding brief page-length precluded him from doing so. *See Pet.'s Resp.*, ECF #38, 27-29. For the reasons discussed above, the Court will not review the claim because it is procedurally defaulted. *See Claim 2*, *supra*; *Pinnell*, 638 F.Supp.2d at 1258. Moreover, also as discussed above, the Court rejects petitioner's alternative assertion that *Martinez* excuses any procedural default due to the ineffective assistance of PCR appellate counsel in failing to raise the claim on appeal. *Martinez* 566 U.S. at 16.

## XI. Claim 27: Ineffective Assistance of 1992 Penalty-Phase Counsel in Failing to Object on Grounds that the Imposition of Death Penalty Would Violate the Double Jeopardy Clause of the Fifth Amendment

Based on the 1988 trial judge's remark about an "automatic life sentence" in the event petitioner's death sentence was overturned by an appellate court, *Claim 27* alleges that 1992 penalty-phase counsel was deficient. Specifically, petitioner asserts that counsel should have relied on this inadvertent statement to form the basis of an objection under the Fifth Amendment's Double Jeopardy Clause.

This claim has no merit. The trial judge's remark is not the law of the case, nor does it set aside double jeopardy jurisprudence. Nor is it clear that the judge misspoke as to the law—if ultimately the appellate courts set aside a death penalty sentence with no remand to seek death in

a subsequent trial, the only sentencing option remaining to a jury is a life sentence (either a true life sentence or a life sentence with the possibility of parole at thirty years). This does not mean that the court is precluded from a second sentencing trial seeking death when remanded as such from the appellate courts. Simply put, the remark has no binding effect.

## XII.   Claim 28: Petitioner's *Pro Se* Brief Before the Oregon Supreme Court

Petitioner's *Claim 28*, which he brought *pro se* on direct review before the Oregon Supreme Court, asserts that the 1992 penalty-phase court deprived him of his right to be protected from double jeopardy under the Fifth Amendment, based on that court's aforementioned remark regarding an "automatic life sentence" if the death sentence were to be overturned on review. *See Pet.*, ECF #27, 326-34. Acknowledging that the Oregon Supreme Court rejected the issue as unpreserved, petitioner maintains that he was "personally" diligent about pursuing the issue, and requests this Court consider it nonetheless. *Pet.'s Resp.*, ECF #38 37-38.

Because petitioner's *pro se* brief does not plausibly assert that his rights under the Fifth Amendment were violated, as discussed *supra* with regard to *Claim 27*, *Claim 28* was not properly exhausted, and is therefore procedurally defaulted.

## XIII.  Claim 31: Ineffective Assistance of 1992 Penalty-Phase Counsel in Failing to Object on Federal Rule of Evidence 403 and Due Process Grounds to Testimony by Annie Edmo and Page-Length Limitation Imposed by Oregon Court of Appeals

*Claim 31*, as set forth by petitioner, asserts that 1992 penalty-phase counsel was deficient in failing to object to an exchange between defense counsel and witness Annie Edmo, who explained on the stand that petitioner had previously made comments that might be construed as admissions of prior heinous crimes. Petitioner asserts that penalty-phase counsel's failure to

object, based either on Fed. R. Evid. 403 (excluding relevant evidence for prejudice or confusion) or due process grounds, constituted ineffective assistance of counsel, and that PCR appellate counsel was subsequently unfairly thwarted in bringing the ineffective assistance claim by the briefing page limitation imposed by the Oregon Court of Appeals. *Pet.*, ECF #27, 373. Even if the Court were to entertain the claim, the page-length limitation argument is not compelling for the reasons discussed above. *See Claim 2*, *supra*; *Pinnell*, 638 F.Supp.2d at 1258.

## XIV. Claim 32: Ineffective Assistance of Direct Appellate Counsel in Failing to Appeal from Judge's Ruling Admitting Evidence of Petitioner's Prior Statements to Witness Annie Edmo and Page-Length Limitation Imposed by Oregon Court of Appeals

Petitioner's *Claim 32* builds on the same facts as *Claim 31*, asserting that the trial court erred in accepting the relevant testimony of Annie Edmo in evidence, and appellate counsel, on direct review, failed to raise as error the trial court's admission of the testimony. Petitioner claims that PCR appellate counsel was precluded from filing *Claim 32* because of the briefing page-length limitation imposed by the Oregon Court of Appeals. *Pet.*, ECF #27, 376. As discussed above, however, the Court rejects petitioner's assertions because the underlying cause of action of ineffective assistance of PCR appellate counsel is precluded by *Coleman* and *Martinez*. Even if the Court were to entertain the claim, the page-length limitation argument is not compelling for the reasons discussed above. *See Claim 2*, *supra*; *Pinnell*, 638 F.Supp.2d at 1258.

## XV. Claim 40: Ineffective Assistance of 1992 Penalty-Phase Counsel, Cumulative Errors Violated Petitioner's Due Process Rights

Petitioner's final claim asserts that the "combined effect of multiple errors of constitutional magnitude may justify habeas relief if the combined errors render a trial . . . fundamentally unfair, even where each error considered individually would not require reversal." *Pet.'s Resp.*, ECF #38, 27 (citing *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007); *Donnelly v. DeChristofono*, 416 U.S. 637, 643 (1974)). Specifically, petitioner asserts that his death sentence should be vacated based on the cumulative errors alleged. *Pet.*, ECF #27, 457. Petitioner further argues that although he did not bring this claim before the Oregon courts, exhaustion is not required. *Pet.'s Resp.*, ECF #38, 27. Respondent contends that (1) the claim was not properly exhausted, but even if it was, (2) there can be no cumulative error where no single or individual error is of constitutional magnitude. *Resp.'s Reply*, ECF #42, 20.

Because the Court has yet to review the merits of the claims asserted herein, and those claims which respondent concedes are properly before this Court, any ruling on this claim is premature at this stage. Accordingly, the Court withholds any ruling on procedural default or the merits of *Claim 40* until the merits of petitioner's relevant claims are reviewed.

## **CONCLUSION**

For the reasons described herein, the Court concludes that the following claims are procedurally defaulted and that the petitioner had failed to show that the Court should exercise their default: *Claims 2*, *4*, *17*, *20*, *26*, *27*, *28*, *31*, and *32*. Accordingly, the Court dismisses them with prejudice.

The parties agree that the following claims are not ripe for review, and are therefore dismissed without prejudice as premature: *Claims 33*, *34*, *35*, *36*, and *37*.

In addition to the claims the parties agree were properly exhausted before the Oregon state courts (*Claims 1*, *3*, *5*, *8*, *9*, *10*, *11*, *12*, *16*, *18*, *19*, *21*, *22*, *23*, *24*, *25*, *29*, and *30*) the Court

concludes the following were also properly exhausted: *Claims 7* and *15*. Moreover, respondent waives the defense of procedural default with regard to *Claims 38* and *39*. These claims may proceed to consideration on the merits.

The Court withholds judgment on procedural default until the merits of the following claims are discussed in future briefing: *Claims 6*, *13*, *14*, and *40*.

The Court directs the parties to propose a joint scheduling order to proceed with briefing on the relevant claims on the merits.

IT IS SO ORDERED.


DATED this __15th__ day of October 2018.


___s/Michael J. McShane_____
Michael McShane
United States District Judge