UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MARCO MONTEZ | ) | 3:14-cv-01551-MC |
| | ) | |
| Petitioner, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF PREMO, Superintendent, | ) | |
| Oregon State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

McSHANE, District Judge.

Petitioner moves the Court pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Cary*, 481 F.3d 1142 (9th Cir. 2007), to stay his pending federal death penalty habeas proceedings and hold them in abeyance while he returns to state court to raise and exhaust Constitutional claims arising out of the Oregon Legislature's passage, and September 29, 2019 enactment, of Senate

Bill (SB) 1013[1]. Petitioner seeks to return to state court to assert an undefined number of claims, but it appears that petitioner will allege that because his crimes of conviction are no longer subject to the death penalty in Oregon, his death sentence violates his Constitutional rights under the Eighth Amendment—as incorporated by the Fourteenth Amendment—to be free from cruel and unusual punishment. Respondent argues that the claims he anticipates petitioner to put forward are either procedurally defaulted or plainly meritless.

## Relevant Procedural History

Petitioner timely filed his Notice of Intent to File a Capital Habeas Petition in this federal case on September 30, 2014 [1], and the Petition was timely filed on August 19, 2015 [15]. The parties have completed the initial rounds of briefing on exhaustion and procedural default, and I issued an Opinion and Order last fall with rulings on relevant claims [50]. Merits briefing is currently pending in this case. In lieu of a response to respondent's brief on the merits [64], petitioner has instead filed the instant motion requesting a stay of these federal proceedings [66].

## Discussion

As the parties acknowledge, the Petition in this case is not mixed. Accordingly, should the Court exercise its discretion to grant a stay in this matter, it must do so pursuant to *Kelly v. Small*, 315 F.3d 1063 (2003) (overruled on other grounds). "The two approaches [set out in *Rhines* and *Kelly*] are distinct: *Rhines* applies to *mixed* petitions, whereas the three-step *Kelly* procedure applies to stays of *fully exhausted* petitions." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (emphasis in original). The *Kelly* approach proceeds as follows: (1) a petitioner amends his petition to delete any unexhausted claims; (2) the Court stays and holds in abeyance

---

[1] Briefly, SB 1013 narrows the set of circumstances that meet the definition of aggravated murder, the only crime punishable by death in Oregon. While petitioner's crime would not qualify as aggravated murder under the new law, the legislature explicitly provided that the law does not apply retroactively.

the amended, fully-exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust his deleted claims; and (3) the petitioner later amends his petition and reattaches the newly-exhausted claims in the original petition. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71); *see also Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007) (*Kelly* procedure remains in place post-*Rhines*). In contrast to a *Rhines* stay, the *Kelly* procedure does not require a petitioner to demonstrate good cause for failing to exhaust claims in state court. *Id.* at 1140.

Petitioner should be aware, however, that under the *Kelly* procedure, he may be precluded from adding any newly-exhausted claim if the claim is either untimely or not sufficiently related to his current claims. *See* 28 U.S.C. § 2244(d); *King*, 564 F.3d at 1140-41. Although a federal habeas petitioner may seek to amend a timely-filed petition with new claims following the expiration AEDPA's statute of limitations, any such claims must otherwise be timely, as well as "relate back" to timely claims in the petition. *Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("An amended habeas petition … does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Here, the Court recognizes that petitioner is *not* beginning with a mixed petition, as presently there are no unexhausted claims to dismiss. As such, he is in the same procedural position as a petitioner who had already undertaken the first step of the *Kelly* procedure. Respondent further argues that petitioner's claims are not premised on SB 1013, and because the claims could or should have been raised in prior state court proceedings, they are either procedurally or technically defaulted. For these reasons, respondent contends that granting a

stay under *Rhines* or *Kelly* would be futile. *See, e.g.*, *Knowles v. Muniz*, 228 F.Supp.3d 1009, 1016 (C.D. Cal. 2017) (courts should not grant a stay under *Rhines* or *Kelly* to allow a petitioner to exhaust a meritless claim).

Respondent anticipates that petitioner's proposed new claims will include an assertion that the future dangerousness inquiry violates *Furman v. Georgia*, 408 U.S. 238 (1972) (*per curiam*) and its progeny because, despite working as an element of the crime of aggravated murder and as a factor to guide the jury's discretion in the sentencing phase of a capital trial, future dangerousness cannot be predicted to any level of certainty. Based on similar filings in other death penalty habeas cases in the District of Oregon, it appears likely that petitioner will allege that the inherent uncertainty in establishing the likelihood of future dangerousness beyond a reasonable doubt, the element/factor does not satisfy the heightened reliability requirements of the Eight Amendment to the United States Constitution. The Court further anticipates that petitioner will propose that, with the elimination of future dangerousness as an element of the crime and factor under the sentencing scheme, the Legislative and Executive branches of the State of Oregon have essentially "admitted" that the inquiry is constitutionally infirm.

Respondent argues that the passage of SB 1013 "merely provides petitioner with new evidence to support an already available ground for post-conviction relief" concerning the import of the future dangerousness claims. [68 at 5-6]. However, considering the fundamental nature of the change in Oregon's death penalty scheme with the abandonment of the future dangerousness inquiry, this Court is satisfied that related claims are in a "significantly different and stronger evidentiary posture than . . . when the state courts considered it." *Dickens*, 740 F.3d at 1318 (quoting *Aiken v. Spalding*, 841 F.2d 881, 883, 884 n.3 (9th Cir. 1988)). Further, because the

new provisions of SB 1013 were enacted only very recently on September 29, 2019, it is evident that petitioner could not have raised such claims any earlier in state court.

Indeed, this Court is satisfied that the types of claims petitioner proposes are not frivolous. As petitioner notes, the Connecticut Supreme Court, in the wake of that state passing non-retroactive legislation abolishing the death penalty, determined that Connecticut's death penalty no longer comported with the standards of decency or penological purposes of the state constitution's prohibition on cruel and unusual punishment, and eliminated it altogether, even for offenders who committed crimes before the legislation's effective date. *See State v. Santiago*, 318 Conn. 1, 86-87 (2015); *but cf. Lambrix v. Secretary, DOC*, 872 F.3d 1170 (11th Cir. 2017) (*per curiam*). Although the *Santiago* court limited its holding to a violation of Connecticut's constitution, and the *Lambrix* court determined that Florida did not have to apply its statutory changes retroactively, the fact that state courts have grappled with analogous legislation demonstrates that there is a reasonable likelihood that the Oregon courts will examine petitioner's claims on the merits. That said, the Court need not, and does not, predict whether petitioner will prevail on the merits of his constitutional claims in state court.

Finally, petitioner's indication that he will file a successive post-conviction petition in state court raises the question as to whether this Court may continue adjudicating his fully exhausted federal habeas Petition while the Oregon courts address his new unexhausted claims. Although the question is not settled in the Ninth Circuit, existing authority suggests that such parallel litigation is disfavored, if not completely prohibited. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983) (federal petitioner must await the exhaustion of all of his state-court challenges, even where the single issue to be challenged in a federal habeas action has already been settled by the state courts, because other state-court challenges may result in the relief

sought by petitioner); *see also Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998) ("[O]ur federal judiciary, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.") (quoting *Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (internal quotation marks omitted)).

The considerations of comity and judicial efficiency favor allowing petitioner to stay this proceeding until the Oregon state courts have been provided the initial opportunity to weigh in on the Constitutional question raised by the passage and enactment of SB 1013. The Court is also cognizant of the substantial public resources that proceeding with parallel state and federal post-conviction litigation—assuming such action is permissible—would involve. For these reasons, the Court is convinced that the stay-and-abeyance procedure set out in *Kelly* is appropriate and prudent at this time.

**Conclusion**

Based on the foregoing, the Court concludes that there is a reasonable chance that the Oregon courts will address the merits of at least one of his anticipated constitutional claims, including claims alleging that because his crimes of conviction are no longer subject to the death penalty in Oregon, and that his death sentence now violates the Eighth Amendment's prohibition on cruel and unusual punishment. Accordingly, a stay of these federal habeas proceedings is appropriate. The Court GRANTS petitioner's Motion to Stay [66] in accordance with *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

This action is STAYED during the pendency of petitioner's state post-conviction proceedings. Petitioner shall file his state court petition within 60 days of the date of this Order and must move to lift this stay within 60 days of the completion of the state court proceedings.

IT IS SO ORDERED.

DATED this 23rd day of December, 2019.

                                                                                     s/Michael J. McShane
                                                                                              Michael McShane
                                                                    United States District Judge